UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FLOYE MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:10CV01027 AGF |
| | ) |
| SAFECO INSURANCE COMPANY | ) |
| OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Safeco Insurance Company of America's Motion for Protective Order (Doc. 19). Defendant Safeco Insurance Company of America ("Safeco") seeks a protective order quashing the plaintiff's deposition of Safeco currently scheduled for October 26, 2010 or, alternatively, requiring the plaintiff to provide specific topics upon which the representative of Safeco shall testify so that it can be determined if the topics are protected by work product or attorney client privilege. The time for Plaintiff Floye Martin ("Plaintiff") to file a response to Safeco's motion has expired and, to date, Plaintiff has not filed a response.

**Background**

This action was removed to federal court on June 3, 2010. Plaintiff alleges in her complaint that she is entitled to uninsured motorist benefits from Safeco. She has also alleged vexatious refusal to pay. On October 6, 2010, Safeco received a Notice of Deposition from Plaintiff's counsel for the deposition upon oral examination of Safeco. The topic listed on the deposition notice was "Plaintiff will inquire into the investigation and denial of Plaintiff's claim."

**Legal Standard**

Federal Rule of Civil Procedure 26(c) provides, in pertinent part: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery . . . (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters . . . ."

**Analysis**

Safeco argues that Plaintiff should be barred from inquiry into communications with counsel, correspondence or other documents received from counsel, or any other communications between Safeco and its counsel. It is a "long established rule that confidential communications between an attorney and his client are absolutely privileged from disclosure against the will of the client." Diversified Industries, Inc. v. Meredith, 572 F.2d 596, 601 (8th Cir. 1977). Therefore, to the extent that Plaintiff's notice of deposition requests information protected by the attorney client privilege, such information is not discoverable.

Safeco also argues that because Plaintiff's notice of deposition is not limited in any fashion, it may intrude into areas protected by the work product privilege. "[I]nformation or materials assembled by or for a person in anticipation of litigation or in preparation for trial may be qualifiedly privileged from disclosure to an opposing party. That rule is known as the 'work product' rule . . . ." Diversified, 572 F.2d at 601.

Safeco argues that the investigation and decisions made as to the claim at issue were made in anticipation of litigation because it was obvious from the date Safeco received notice of the accident that an uninsured motorist claim would be made. "An insurer's decision to decline coverage is typically the point at which the ordinary course of business ends and the anticipation of litigation begins." Folk v. State Farm Mutual Automobile Insurance Co., No. 4:10-CV-574-

2

HEA, 2010 WL 3620477, at *2 (E.D.Mo. Sept. 9, 2010). As in <u>Folk</u>, Safeco has not argued that at the time Plaintiff first made a claim against Safeco, Safeco intended to deny the claim. <u>Id.</u> at *1. The mere possibility of litigation is insufficient to establish that all of the investigation and decisions made as to the claim at issue were made in anticipation of litigation. To the extent that the information sought by Plaintiff relates to the time period prior to Safeco denying Plaintiff's claim, the work product doctrine does not apply, and Plaintiff may inquire of Safeco regarding such matters.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Safeco Insurance Company of America's Motion for Protective Order (Doc. 19) is **GRANTED** in part, and **DENIED** in part.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 25th day of October, 2010.